**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, et al., Defendants,**

**William Carothers and Ken
Mee, Appellants.**

**Docket No. 98–6166.**\*

United States Court of Appeals,
Second Circuit.

Argued Oct. 28,1998.

Decided Oct. 30, 1998.

* The opinion rendered herein applies to this docket number only.

Barbara Harvey, Detroit, Michigan (Thomas M. Kennedy, Arthur Z. Schwartz and Lauren Esposito, Kennedy, Schwartz & Cure, P.C., New York, NY, of counsel), for Appellants.

Beth E. Goldman, Assistant United States Attorney, New York, NY (Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, Gideon A. Schor, Assistant United States Attorney), for Plaintiff–Appellee.

Before: VAN GRAAFEILAND and LEVAL, Circuit Judges, and BURNS, District Judge.**

PER CURIAM:

Appellants William Carothers and Ken Mee appeal from a June 22, 1998 order of the United States District Court for the Southern District of New York (David N. Edelstein, *J.*), *United States v. International Bhd. of Teamsters*, 9 F.Supp.2d 354 (S.D.N.Y.1998). The district court affirmed in relevant part the decision of Election Appeals Master Kenneth Conboy, which had affirmed the decision of Election Officer Michael G. Cherkasky, not to disqualify James P. Hoffa from standing as a candidate in the 1998 rerun of the 1996 general election for the office of General President of the International Brotherhood of Teamsters. The rerun election was ordered after the Election Officer determined that Ron Carey, the incumbent General President and winner of the initial 1996 election, had committed significant violations of the election rules promulgated under the consent decree entered in *United States v. International Bhd. of Teamsters*, 88 Civ. 4486 (S.D.N.Y. Mar. 14, 1989). Carey later was disqualified from standing in the rerun election. *See United States v. Int'l Bhd. of Teamsters* ("*Carey Disqualification*"), 156 F.3d 354 (2d Cir. 1998). Appellants argue that the Election Officer's decision not to disqualify Hoffa was unauthorized by law, and that the district court should therefore have ordered Hoffa disqualified. We disagree and affirm that part of the district court order.

The action arises from a protest filed with the Election Officer by supporters of Carey, alleging that, during the 1996 general election, Hoffa violated the election rules. After extensive investigation of the allegations against Hoffa, the Election Officer found violations and imposed remedies, but declined to disqualify Hoffa from running in the rerun election. The Election Officer explained that disqualification would be disproportionate to Hoffa's violations and unnecessary to achieve

---

** The Honorable Ellen B. Burns, Senior District Judge for the District of Connecticut, sitting by designation.

the goals of the consent decree. The Election Appeals Master and the district court affirmed, both finding that the Election Officer's decision was within his broad discretion to fashion appropriate remedies for violations of the election rules.

We hold that the district court applied the proper standard and reached the right result. As we have previously held, " '[t]he reviewing court should not overturn the [Consent Decree official]'s choice of sanctions unless it finds the penalty unwarranted in law or without justification in fact.' " *Carey Disqualification*, 156 F.3d 354, 366 (internal punctuation and citations omitted). In reaching his decision not to disqualify Hoffa, the Election Officer carefully considered Hoffa's misconduct, as well as "the objectives of the consent decree." We cannot say that the Election Officer's decision was unwarranted in law or without justification in fact.

Appellants contend the Election Officer's decision not to disqualify Hoffa is inconsistent with the earlier decision to disqualify Carey. We have considered this contention, and we disagree. The circumstances are sufficiently different to justify the different treatment prescribed by the Election Officer.

Accordingly, we affirm the order of the district court affirming the decisions of the Election Officer and Election Appeals Master not to disqualify Hoffa from standing for office in the 1998 rerun election.